UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATANYA MARSHALL and
6006 UNIVERSITY PLACE,
DETROIT, MI,					CASE NO. 07-CV-11641

		Plaintiffs,			PAUL D. BORMAN
						UNITED STATES DISTRICT JUDGE
-vs-

COUNTRYWIDE HOME LOANS,
INC.,

		Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Countrywide Home Loans, Inc.'s ("Defendant") June 12, 2007 Motion to Dismiss and/or Motion for Summary Judgment. (Doc. No. 5). Plaintiff Latanya Marshall ("Plaintiff") did not file a Response. Having considered the entire record, and for the reasons that follow, the Court GRANTS Defendant's Motion for Summary Judgment.

This case arises out of Plaintiff's allegations that Defendant instituted an improper foreclosure proceeding on her real property, in violation of the bankruptcy court's automatic stay in a Chapter 13 proceeding.

On approximately November 25, 2002, Plaintiff obtained a loan from Columbia National Incorporated, which was secured by a mortgage on real property located at 6006 University Place, Detroit, Michigan. (Def. Br. Ex. A, Mortgage Document). Columbia then assigned the mortgage to Defendant, who in turn assigned it to Countrywide Home Loans Servicing, L.P. (Def. Br. Ex. B & C, Mortgage Assignments). Countrywide Home Loans Servicing then

1

assigned the mortgage to Bank of New York on or about January 20, 2006. (Def. Br. Ex. D, Mortgage Assignment to Bank of New York).

Defendant asserts that Plaintiff eventually defaulted on the loan. On September 26, 2006, Plaintiff filed for Chapter 13 bankruptcy protection in the Bankruptcy Court for the Eastern District of Michigan. (Def. Br. Ex. E, Bankruptcy Petition). Bank of New York filed a proof of claim and objection to the confirmation of Plaintiff's proposed plan. (Def. Br. Ex. F, Bank of New York's Proof of Claim). On January 8, 2007, the bankruptcy court dismissed Plaintiff's petition, stating that the automatic stay had been lifted. (Def. Br. Ex. H, Jan. 8, 2007 Order of Bankruptcy Court).

Plaintiff alleges that she received a notice of deficiency regarding her loan, dated January 26, 2007, presumably from the law firm of Trott & Trott. (Compl. at 2). Defendants maintain that assuming Plaintiff's allegations are true, the letter was sent one month after the bankruptcy court had lifted the automatic stay. (Def. Br. 2).

On February 28, 2007, Plaintiff's property at 6006 University Place was sold at a sheriff's sale. (Def. Br. Ex. J, Foreclosure Documents). The sheriff's deed indicates that the Bank of New York had foreclosed upon the property. (*Id.*).

On March 12, 2007, Plaintiff filed a pro se pleading (styled as a "Complaint") in Wayne County Circuit Court claiming that Defendant violated the bankruptcy court's automatic stay in pursuing foreclosure proceedings.

On April 11, 2007, Defendant filed a Notice of Removal to federal court, based on the fact that Plaintiff's claims appeared to concern federal bankruptcy law and the Fair Debt Collection Practices Act ("FDCPA").

On June 12, 2007, Defendant filed a Motion to Dismiss and/or Motion for Summary Judgment. Defendant argues: (1) Plaintiff's initial pleading in state court does not constitute a proper "Complaint" under Fed. R. Civ. P. 3; (2) Plaintiff failed to serve properly Defendant; (3) any FDCPA claim would be inappropriate against Defendant, since it is not a debt collector; (4) Defendant is not the correct party to this lawsuit, since the Bank of New York foreclosed upon the property; and (5) since the bankruptcy court's automatic stay had been lifted, foreclosure was not improper.

Plaintiff did not file a Response.

Since the Defendant relies upon evidence outside of Plaintiff's pleadings, the Court construes Defendant's pleading as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b) (stating that if a Rule 12(b)(6) motion relies upon "matters outside the pleading" a court shall treat the pleading as a motion for summary judgment under Rule 56).

Under Rule 56(b), a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury

3

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*. In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment). "'[C]onclusory' allegations unsupported by 'specific' evidence will be insufficient to establish a genuine issue of fact." *Id.* (citations omitted); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990).

The Court finds that Plaintiff has not met her burden to overcome Defendant's Summary Judgment Motion. The undisputed record indicates that the bankruptcy court lifted the automatic stay on Plaintiff's real property at 6006 University Place on January 8, 2007. The evidence further demonstrates that Bank of New York, as assignee for the mortgage, instituted foreclosure

4

proceedings on Plaintiff's property, which ultimately resulted in a sheriff's sale. Plaintiff has failed to respond, or otherwise dispute, the propriety of these actions subsequent to the lifting of the automatic stay. Therefore, Defendant is entitled to judgment as a matter of law.

The Court hereby **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 5).

**SO ORDERED.**


                                s/Paul D. Borman
                                PAUL D. BORMAN
                                UNITED STATES DISTRICT JUDGE

Dated: August 1, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the plaintiff and attorneys of record by electronic means or U.S. Mail on August 1, 2007.

                                s/Denise Goodine
                                Case Manager